UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIONSIO SOMERVILLE,

                                Petitioner,

      - v -                                                Civ. No. 9:99-CV-1439
                                                                      (GLS/RFT)

DANIEL SENKOWSKI, Superintendent Clinton
Correctional Facility,

                                Respondent.
_____

**APPEARANCES:**                                              **OF COUNSEL:**

DIONSIO SOMERVILLE
Petitioner, *Pro Se*
93-A-1106
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051

HON. ELIOT SPITZER                               GERALD J. ROCK, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Respondent
Department of Law
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT RECOMMENDATION and ORDER

     *Pro se* Petitioner Dionsio Somerville was convicted by a jury on twenty-seven of twenty-eight charges set forth in the indictment, which included second degree murder, second degree conspiracy, second degree criminal facilitation, and first degree robbery. Resp't App. on Appeal ("RA") at 555-57; Dkt. No. 1, Pet. On January 10, 1994, Petitioner was sentenced to an

indeterminate term of thirty-one (31) years to life. Pet. at ¶ 4; Dkt. No. 8, Resp't Mem. of Law at p. 15. Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the following grounds: 1) his right to a fair trial was denied because the trial judge allowed inculpatory pre-trial statements made in the absence of counsel to be admitted at trial; 2) his statements on December 31, 1991, should not have been admitted since no polygraph examination was administered and the questioning lasted for five hours, which was beyond the scope of what the parties agreed to; 3) the trial judge erroneously denied Petitioner's recusal motion, which allowed the Assistant District Attorney ("ADA") Mueller to make reference to the ADA's presence at the December 27th conference rendering the trial court's jury instructions "unnecessary, confusing, illusory and diluted;" 4) Petitioner had ineffective counsel at both the trial and appellate level; and 5) this Court's failure to allow him to withdraw his Petition has prejudiced him. Pet. at Point One, Point Two; Dkt. No. 42, Report Recommendation and Order (Report Rec.), July 24, 2003.

This Court previously issued a Report Recommendation and Order regarding Somerville's Petition for a Writ of *Habeas Corpus* whereby it was recommended that the Petition be dismissed with regard to all grounds except ground three. With regard to the jury instruction, Petitioner was ordered to provide this Court with evidence showing he had exhausted his claim in the state courts, or in the alternative, demonstrate cause and prejudice for his failure to exhaust this ground or that a denial of this claim would result in a fundamental miscarriage of justice.[1] Report Rec., July 24, 2003.

For the reasons to follow, it is recommended that the Petition be **DENIED**.

---

[1] On September 30, 2003, the Honorable Lawrence E. Kahn, United States District Judge, approved and adopted all of this Court's recommendations, including the recommendation that Petitioner submit further evidence with regard to his jury instruction claim. Dkt. No. 46.

# I. DISCUSSION

## A. Standard of Review

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief to a state prisoner claim unless the state courts adjudicated the merits of the claim and such adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001); *see also Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003).

The AEDPA also requires that in any such proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Boyette*, 246 F.3d at 88 (quoting § 2254(e)(1)).

## B. State Exhaustion of Claims

Somerville submitted an Affidavit in compliance with this Court's and the District Judge's directives. Dkt. No. 51, Somerville's Aff. dated Dec. 22, 2003. In his Affidavit, Somerville states that he is unable to ascertain why his jury instruction claim was not exhausted due to the fact that his *habeas corpus* attorney and state appellate attorney have not returned any of Somerville's correspondence[2] in addressing this issue. *Id.* at ¶¶ 5 & 8. In addition, Somerville had his mother

---

[2] Somerville was represented by Fred Santiago, his *habeas corpus* attorney, until he was granted a withdrawal as Petitioner's counsel on Sept. 23, 2002. Dkt. No. 37, Order Granting Fred Santiago's Withdrawal. Previously, Somerville had sent letters to Fred Santiago with regards to the jury instruction claim exhaustion on Oct. 24, 1999 and Nov. 3, 1999, that went unanswered. Somerville's Aff. dated Dec. 22, 2003, Ex. A & B. He also sent letters to James Dixon, his state appellate attorney, on the same issue on Feb. 12, 1998 and March 10, 1998, which went unanswered. *Id.*, Ex. C & E. Additionally, Somerville wrote a letter to his state trial attorney, Lee Greenstien, on Feb. 12, 1998, regarding jury instructions, that went unanswered. *Id.*, Ex. D.

and wife try to call both attorneys with no response.[3]  *Id.* at ¶¶ 6 & 9.

      Somerville claims that the trial court's failure to recuse ADA Mueller was a fundamental miscarriage of justice.  Specifically, Petitioner alleges that the trial court, in allowing ADA Mueller to prosecute the case against him due to ADA Mueller's presence at the Dec. 27th conference, rendered the jury instructions, "regarding the elements that the People had to prove beyond a reasonable doubt, unnecessary, confusing, illusory and diluted thereby depriving petitioner of a fair trial." Pet. at ¶ 16(e).

      If a petitioner has failed to exhaust his claims, then the district court can either send the petitioner back to the state courts or he can proceed with only his exhausted claims. *Zarvela v. Artuz*, 254 F.3d 374, 378-79 (2d Cir. 2001).  This Court may, however, determine that there is an "absence of available state corrective process" under § 2254(b)(1)(B)(i) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).  Under these circumstances, the claims would be deemed exhausted.  However, if in reviewing the petition the federal court finds that claims are procedurally barred in state court, then they are similarly procedurally barred in federal court.  *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)) and *Reyes v. Keane*, 18 F.3d 136, 139 (2d Cir. 1997)).

      Petitioner's jury instruction claim could have been raised in his appeal to the Appellate Division, Third Department, since it is based upon matters which were placed on the record.  Moreover, Somerville cannot now file a second appeal with the Third Department as to this claim because a criminal defendant is "entitled to one (and only one) appeal" to the Appellate Division.

---

[3] Petitioner has not stated when those calls were made, but only that they were numerous.

N.Y. C<span>RIM</span> P<span>ROC</span>. L<span>AW</span> § 450.10(1); N.Y. Ct. Rules § 500.10(a); *see also Aparicio*, 269 F.3d at 91. Therefore, these claims are deemed exhausted and procedurally barred for purposes of his *Habeas* Application. *Spence v. Superintendent Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000); *Strogov v. Attorney Gen. of the State of New York*, 191 F.3d 188, 193 (2d Cir. 1999) (failure to raise claim based upon matters contained within record on direct review to Appellate Division constitutes procedural default of such claim); *Senor v. Greiner,* 2002 WL 31102612, at *10 (E.D.N.Y. Sept. 18, 2002).

The Court's review of the substance of Petitioner's procedurally defaulted claim is therefore conditioned upon Petitioner demonstrating cause for his default and resulting prejudice, or presenting evidence to show that he is "actually innocent" of the crime of which he was found guilty. *Coleman v. Thompson*, 501 U.S. at 750; *Ramirez v. Attorney Gen. of the State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*); *Strogov*, 191 F.3d at 193-94; *King v. Greiner*, 210 F. Supp. 2d 177, 182 (E.D.N.Y. 2002) (stating the court is precluded from considering unexhausted claims "unless petitioner can establish cause to excuse the default and prejudice, or actual innocence").

To establish legal cause for his procedural default, Somerville must show that some objective external factor impeded his ability to comply with New York's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial nor on direct appeal. *Murray*, 477 U.S. at 488. Attorney ignorance or inadvertence is not cause, however, since the attorney is considered the petitioner's agent when acting, or failing to act, in furtherance of the

litigation, the petitioner must "'bear the risk of attorney error.'"  *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488).  Petitioner has not shown that any objective external factor impeded his ability to comply with New York's procedural rules.  Although one of the grounds for relief through this *Habeas* Petition is premised upon the ineffective assistance of counsel, Petitioner does not claim ineffective assistance of counsel with regard to the jury instruction.  Pet. at Point One.  Somerville only stated that the trial court had erred in the "legal instructions" given to the jury.[4]

Additionally, Petitioner avers that the Court's denial of his Petition on his jury instruction claim would result in a fundamental miscarriage of justice.  Somerville asks this Court to examine the entire jury instructions, notwithstanding his failure to show cause for his failure to exhaust, because they were "unbalanced and confusing."  Somerville's Aff. dated Dec. 22, 2003 at ¶ 13.  Petitioner asserts that the instructions relieved the prosecution from proving his guilt beyond a reasonable doubt and that the instructions "infected the entire trial."  *Id.* at ¶¶ 13 & 15.  Since Somerville cannot demonstrate cause or prejudice, he must show that he is "actually innocent" of the crime of which he was found guilty.  This final exception, however, is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *see also Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003).  Actual innocence encompasses "'factual innocence, not mere legal sufficiency.'"  *Bennett*, 353 F.3d at 142 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  The Second Circuit has stated "'to establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.*

---

[4] Somerville's ineffective assistance of counsel claim is based on errors of trial strategy and not directly on the jury instruction.  Pet. at Point Two.  Moreover, Somerville has not claimed that there was interference from officials or that the factual or legal basis for the claim was not reasonably available at trial or direct appeal.

(citing *Bousley*, 523 U.S. at 623 (further citing *Schlup v. Delo*, 513 U.S. 298, 321-22 (1995))).

Petitioner has not demonstrated legal cause for his procedural defaults regarding any of the above claims. Since he cannot establish such cause, this Court need not decide whether he also suffered actual prejudice as to this claim because federal habeas relief on the basis of a procedurally defaulted claim is unavailable unless **both** cause and prejudice are demonstrated. *See, e.g.*, *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.) (citing *Stepney*). Moreover, since Somerville has not established that he is actually innocent of any of the crimes of which he was convicted, in light of his admission of guilt, the Court recommends that Somerville's Petition be denied as to the remaining ground for this procedural reason.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   June 27, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge