UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIONSIO SOMERVILLE,

                        Petitioner,

      v.                                    Civil No. 9:99-CV-1439
                                                 (GLS/RFT)

DANIEL SENKOWSKI,
Superintendent Clinton
Corr. Facility,              Respondent.
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

Dionsio Somerville
*Pro Se*
93-A-1106
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821-0051

**FOR THE RESPONDENT:**

HON. ELIOT SPITZER             MARY E. HILL
New York State Attorney General   Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending are petitioner *pro se* Dionsio Somerville's objections to Magistrate Judge Randolf F. Treece's Report-Recommendation. *Dkt. No. 55, 53.* Specific objections will be reviewed under a *de novo* standard, while unspecific objections will be reviewed under a clearly erroneous standard. Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II. Background

On September 9, 1999, Somerville filed his *habeas corpus* petition under 42 U.S.C. § 2254 (1996). *See Dkt. No. 1.* On July 24, 2003, Judge Treece issued a report recommending that Somerville's petition be dismissed, except for his jury instruction claim since it was not evident from the record whether he had exhausted this claim in state court. *See Dkt. No. 42.* Judge Treece therefore recommended that the district court provide Somerville an additional twenty days to file an affidavit to show exhaustion. *See id.* Alternatively, Somerville was required to explain why he did not raise his claim in state court and how not doing so has

---

[1] The Clerk is directed to append Judge Treece's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 53.*

prejudiced him, or show how denial of this claim would result in a miscarriage of justice. *See id.* On September 30, 2003, district court Judge Lawrence E. Kahn adopted Judge Treece's recommendation in its entirety. *See Dkt. No. 46.* On December 29, Somerville filed an affidavit stating that he had not exhausted his claim because of communication problems with his attorney. *See Dkt. No. 51.* He further requested that the court allow him to withdraw his petition so that he may refile his claim in state court. *See id.* Judge Treece found that these were not sufficient grounds to justify his failure to exhaust, that he had procedurally defaulted, and that the action should be dismissed in its entirety. *See Dkt. No. 53.* Now pending before the court are Somerville's objections to Judge Treece's report. *See Dkt. No. 55.*

## III.  Discussion[2]

### A.  Standard of Review

By statute and rule, district courts are authorized to refer *habeas corpus* petitions to magistrate judges for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the

---

[2]The court adopts the factual summary contained in Magistrate Judge Treece's Report-Recommendation, dated July 24, 2003, and assumes familiarity with the facts alleged in Somerville's petition. *See Dkt. Nos. 1, 42*.

3

Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254.

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections. *See* N.D.N.Y. R. 72.1(c).

The rules governing objections to report-recommendations in the *habeas corpus* context are the same rules applicable to social security petitions. The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge

with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006) (citation omitted). "Although the doctrine of procedural default developed as a circuit appellate rule, it applies in the district courts as long as parties, including those appearing *pro se*, receive clear notice of the consequences of their failure to properly object." *Id*; *see also Thomas v. Arn*, 474 U.S. 140, 149 & n.7 (1985). "[T]he notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review[.]" *Almonte*, 2006 WL 149049, at *3 (citation omitted).

Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.*, at *4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the

5

magistrate judge fails to comply with the specificity requirement and also results in default.  *See id.*

The district court must review *de novo* those portions of the magistrate judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See id.,* at *5; see also* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).[3]  "*De novo* review requires that the court 'give fresh consideration to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte*, 2006 WL 149049, at *5 (citation omitted).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[3]The decision to use procedural default is in the discretion of the district court.  *See Almonte,* 2006 WL 149049, at *4 (citation omitted).  "Such discretion is based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted party."  *Id.* (citation omitted).  "As the Supreme Court has observed:
  '[T]he district court...must exercise supervision over the magistrate. Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction.  The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard.'" *Id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

made by the magistrate judge...[and] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *see also Almonte*, 2006 WL 149049, at *3 (citations omitted).

"The more complex question arises when a party procedurally defaults, the court is not statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless." *Almonte*, 2006 WL 149049, at *5. Under these circumstances, it is within the court's discretion to elect an appropriate review standard. *See id*.

In the case of procedural default, "28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure are both silent on the review standard[.]..." *Id*. "[D]istrict courts have applied standards with varying names and definitions." *Id.*, at *6. "[S]ome adopt the 'clearly erroneous' standard that is articulated in the statute and federal rule governing review of a magistrate judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note."[4] *Id.* (citations omitted). "Given the definition

---

[4]"The Rule 72(b) Advisory Committee Note suggests that the court will review for 'clear error,' stating:
'When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" FED.

7

typically assigned to 'clearly erroneous,' the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed." *Id.* "Other courts have adopted a 'contrary to law' standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure." *Id.* (citations omitted). "When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for 'plain error.'" *Id.* (citations omitted). "Plain error is one that is clear or obvious and affects substantial rights." *Id.* (citations omitted).

"Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not." *See Almonte*, 2006 WL 149049, at *6. When the court does so, however, it is aware that the reports are generated by magistrate judges with extraordinary professional and judicial experience." *Id.* "Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de*

---

R. Civ. P. 72(b) advisory committee's note (1983) (citations omitted); *see also Almonte*, 2006 WL 149049, at *5 (citations omitted).

8

*novo* determination of findings and recommendations." *Id.* "Absent *de novo* review, the court will apply a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id.*

### B. Objections

Somerville objects to Judge Treece's finding that he did not properly exhaust his jury instruction claim. *See Dkt. No. 55.* He specifically argues that his failure to exhaust was due to communication problems with his attorney. Further, he claims that the court has blocked his attempts to withdraw his petition and refile in state court. *See id.*[5] The court reviews this objection *de novo.* Somerville's remaining objections address issues already decided by Judge Kahn's previous order. *See Dkt. No. 46.* Since these issues have already been adequately addressed by Judge Kahn, this court declines to revisit them.

---

[5]As previously stated by Judge Treece (and adopted by Judge Kahn), Somerville cannot now seek to withdraw his petition to refile it in another court due to the passing of the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Report-Recommendation, p. 28; Dkt. No. 42; Order, Dkt. No. 46.*

"Under 28 U.S.C. § 2254(b), applicants for habeas relief serving state sentences must first exhaust all state remedies." *Ramirez v. Attorney Gen. of the State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001). If a petitioner has failed to exhaust his claims, then the district court can either send the petitioner back to the state courts or he can proceed with only his exhausted claims. *See Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). The court, however, may find that there is an "'absence of available state corrective process'...if it is clear that the unexhausted claim is procedurally barred by state law and its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). Under these circumstances, the claims would be deemed exhausted. *See id.* (citation omitted). If in reviewing the petition the federal court finds that the claims are procedurally barred in state court, they are similarly barred in federal court. *See id.* (citation omitted).

Moreover, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court...federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice...or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722,

10

750 (1991). To establish legal cause for his procedural default, a petitioner must show that some objective external factor impeded his ability to comply with state procedural rules. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999). "Attorney ignorance or inadvertence is not 'cause,' however, because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman*, 501 U.S. at 753 (citation omitted).

Finally, the final exception for a fundamental miscarriage of justice is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, [in this instance] a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray*, 477 U.S. at 496.

Here, as Judge Treece properly noted, Somerville's claim could have been raised in his appeal to the Appellate Division, Third Department, since it was based on matters placed on the record. *Report-Recommendation, pp. 4-5*; *Dkt. No. 53*. Moreover, Somerville cannot now file a second appeal with the Third Department since a criminal defendant is entitled to "one and only one appeal." N.Y. CRIM. PROC. LAW § 450.10(1); *see*

11

*Aparicio*, 269 F.3d at 91.  Therefore, Somerville has procedurally defaulted, and his claim is deemed exhausted.  *Report-Recommendation*, *p. 5*; *Dkt. No. 53*.  As further noted by Judge Treece, Somerville has also not shown any objective external factor that impeded his ability to comply with New York's procedural rules.  *Report-Recommendation*, *p.6*.  While he does claim ineffective assistance of counsel, it is based on communication problems with his attorney following trial and not because of his attorney's representation with regard to the jury instructions.  *Id.*  In his objections, Somerville contends that the court itself created an objective external factor by impeding his ability to exhaust his claim, by not allowing him to withdraw his petition and refile in state court.  As already decided by Judge Kahn, Somerville may not withdraw his petition and refile in state court due to the passing of the AEDPA statute of limitations.  Accordingly, his objection is without merit.

    Lastly, Somerville claims actual innocence based on his contention that his attorney's errors lead to his guilty verdict.  Specifically, he claims that his failure to receive adequate representation resulted in a violation of his constitutional right to a fair trial.  This contention, however, is not sufficient to constitute an "extraordinary case" where, but for the

constitutional violation, the party would be found innocent. *Id.* While Somerville claims actual innocence, he provides no evidence of this and instead repeats his ineffective assistance of counsel arguments, which are without merit. Accordingly, Somerville's petition is dismissed in its entirety.

## V. Conclusion

Having reviewed Somerville's objections to the Report-Recommendation under a *de novo* standard, this court adopts the recommendation of Judge Treece for the reasons stated.

**WHEREFORE**, it is hereby

**ORDERED**, that Somerville's petition is **DISMISSED** and the relief sought is **DENIED**; and it is further

**ORDERED**, that the clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

July 18, 2006
Albany, New York

*Gary L. Sharpe*
U.S. District Judge

13