UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
DIONSIO SOMERVILLE,

             Petitioner,

   v.                9:99-CV-1439
                       (GLS)(RFT)

DANIEL SENKOWSKI, Superintendent,

             Respondent.

APPEARANCES:        OF COUNSEL:

DIONSIO SOMERVILLE
Petitioner, *pro se*

OFFICE OF THE ATTORNEY GENERAL  GERALD J. ROCK, ESQ.
State of New York          Assistant Attorney general
Counsel for the Respondent

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION and ORDER

   By Memorandum-Decision and Order filed July 18, 2006, the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by petitioner Dionsio Somerville was denied and dismissed. Dkt. No. 56. Petitioner has appealed that dismissal to the United States Court of Appeals for the Second Circuit. Dkt. No. 58.

   Presently before this Court is a motion from petitioner seeking reconsideration of the July Decision and Order. Dkt. No. 61. Petitioner also requests that this Court issue a certificate of appealability ("COA") in connection with his appeal. *Id.*

   A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert.*

*denied*, 464 U.S. 864 (1983)).

Upon review of the file, including petitioner's motion for reconsideration, the Court finds that petitioner's claims were properly denied and that petitioner has not established that reconsideration of the Court's Decision and Order is necessary to correct an error of law or to prevent manifest injustice.[1] The fact that petitioner disagrees with the Court's decision does not warrant reconsideration thereof. Accordingly, petitioner's motion for reconsideration is denied.

Turning to petitioner's request for a COA, appeals to the Court of Appeals in habeas corpus proceedings are governed by 28 U.S.C. § 2253, which provides in relevant part that:

> (c) (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[2]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

After reviewing the file, and for the reasons set forth in the Court's July Memorandum-Decision and Order in this action, the Court finds that petitioner has failed to make the showing required for issuance of a COA.  Therefore, the Court denies his request.

WHEREFORE, it is hereby

---

[1] Petitioner does not claim that there has been a change in the controlling law or that new evidence not previously available has come to light.

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed.R.App.P. 22(b).

ORDERED, that petitioner's motion for reconsideration of the July Decision and Order (Dkt. No. 61) is denied, and it is further

ORDERED, that petitioner's application for a Certificate of Appealability (Dkt. No. 61) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

IT IS SO ORDERED.

Date: August 31, 2006

*Gary L. Sharpe*
U.S. District Judge